

**SIGNED this 02nd day of March, 2012.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-11507-CAG |
| | § | |
| CRESCENT RESOURCES, LLC, ET AL., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |

| | | |
|---|---|---|
| CRESCENT RESOURCES LITIGATION TRUST, BY AND THROUGH DAN BENSIMON, TRUSTEE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ARTHUR W. FIELDS and JOLEEN FIELDS, | § § § | ADV. NO. 11-01135- CAG |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING TRUST'S AMENDED MOTION
TO CERTIFY ORDER FOR DIRECT APPEAL PURSUANT TO 28 U.S.C. § 158**

Came on to be considered the above-styled and numbered Adversary Proceeding No.

11-01135 and, in particular, the Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C.

§ 158 filed January 3, 2012, on behalf of Plaintiff, Crescent Resources Litigation Trust (docket no. 36), as amended on February 28, 2012 (docket no. 52). For the reasons stated below, the Court finds that the Motion to Certify should be DENIED.

**BACKGROUND**

On June 9, 2011, the Crescent Resources Litigation Trust (the "Trust") filed its First Amended Complaint to Avoid and Recover Improper "Bonus" Payments (docket no. 4). On August 10, 2011, Defendants, Arthur W. Fields and Joleen Fields (collectively, "Defendants"), filed a Motion to Dismiss the First Amended Complaint along with a supporting Memorandum of Law (docket nos. 13, 14). On September 23, 2011, the Trust filed its Response to Defendants' Motion to Dismiss (docket no. 22). On October 4, 2011, Defendants filed their Reply Memorandum in Further Support of Motion to Dismiss (docket no. 28). A hearing was held on the Motion to Dismiss on October 21, 2011. After hearing the arguments of counsel, the Court took the matter under advisement.

On November 18, 2011, the Court issued an oral ruling, which is memorialized in an Amended Order Granting in Part and Denying in Part Defendants' Motion to Dismiss First Amended Complaint, dated February 15, 2012 (docket no. 48).[1] The Court held that the Crescent Resources Plan of Reorganization (the "Plan") and related documents preserved the claims made in the First Amended Complaint under 11 U.S.C. §§ 544, 548, and 550 with language which was "specific and unequivocal," but did not adequately preserve the claims made under "state fraudulent transfer law" pursuant to 11 U.S.C. § 544 (b)(1)[2] (docket no. 48, at 2).

---

[1] The Court entered the Amended Order on February 15, 2012 (docket no. 48) to correct an administrative error in the original Order dated December 20, 2011 (docket no. 34). The Amended Order accurately reflects the Court's November 18, 2011 oral ruling.

[2] 11 U.S.C. § 544(b)(1) provides, with certain exceptions not relevant here, that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an [allowable] unsecured claim."

The Amended Order thus dismissed with prejudice those counts of the First Amended Complaint (Counts 1, 2, 5, and 6) asserted pursuant to 11 U.S.C. § 544 (b)(1), in accordance with the Court's holding that these claims had not been adequately preserved and, therefore, that the Trust lacked standing to assert them (*id.*).

On January 3, 2012, the Trust filed a Notice of Appeal (docket no. 37), as amended on February 17, 2012 (docket no. 53),[3] with respect to the Court's ruling on the Motion to Dismiss along with a Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158 (docket no. 36), as amended on February 28, 2012 (docket no. 52). On January 13, 2012, Defendants filed a Response in opposition to the Trust's Motion to Certify (docket no. 41). After considering the written arguments of counsel, the Court took notice that several related pending adversary proceedings implicate the same § 544(b)(1) standing issue addressed in the Court's ruling from which the Trust seeks an appeal. Additionally, the Court noted that at least one of those related proceedings is pending before the district court. Accordingly, on February 2, 2012, the Court ordered a status hearing to discuss how the Court's ruling on the Motion to Certify the appeal to the Fifth Circuit might materially affect the progress of the related proceedings pending in this Court as well as those pending in the district court (docket no. 45).

After the status hearing, held on February 17, 2012, the Trust met and conferred with Defendants to resolve their objections to the phrasing of the three issues presented for appeal in the Trust's original Motion to Certify (docket no. 36), and were able to reach a consensus on the phrasing of the second and third issues presented (docket no. 52, at 2-3). Accordingly, on February 28, 2012, the Trust filed its Amended Motion to Certify with the following issues

---

[3] The Trust filed an Amended Notice of Appeal (docket no. 53) on February 17, 2012, to correct the administrative error contained in the original Order dated December 20, 2011, as well as a Notice of Correction to Notice of Appeal (docket no. 57) on February 28, 2012, to correct a separate administrative error in the previous Notice.

presented for certification:

1. Whether this Court lacked the authority, under the United States Constitution, as interpreted by *Stern v. Marshall*, 131 S. Ct. 2594 (2011) to enter an order dismissing the Trust's Section 544 claims with prejudice.

2. Whether the express retention of Section 544 and 550 causes of action in the Plan are sufficient to retain claims asserted under Section 544 without the additional reservation of "state law fraudulent transfer" claims.

3. Whether, if such additional reservations are required to assert a Section 544 claim, those reservations were accomplished as to the Fields Bonus Adversary through Schedule 1.2 of the Plan and/or Section IV.F.7 of the Disclosure Statement.

(*Id.* at 3.)

The parties also reached a consensus to certify the second and third issues as presented in the Amended Motion (the "Standing Issues" or "Issues 2 and 3") and to abate the adversary proceeding pending appeal (*id.* at 7). Defendants maintain their opposition to certification of the first issue (the "*Stern* Issue" or "Issue 1") (*id.*). The Trust's Amended Motion to Certify incorporates these agreements between the parties and includes requests for additional and alternative relief, discussed below.

## ANALYSIS

In its Amended Motion to Certify (docket no. 52), the Trust requests that this Court certify its Amended Order dated February 15, 2012 (docket no. 48), for appeal to the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2). Alternatively, to the extent that the Court declines to certify any or all of the issues to the Fifth Circuit, the Trust requests that the Court grant leave to file an interlocutory appeal to the district court pursuant to Bankruptcy Rule 8003. In addition, the Trust requests that the Court issue a stay of the Fields Adversary (together with the "Bonus

4

Adversaries")[4] pending the resolution of the appeal. The Court will address each of these requests in turn.

## I. Motion to Certify Direct Appeal to the Fifth Circuit

"Section 158(d)(2) was enacted as part of the sweeping overhaul of the Bankruptcy Code in 2005 known as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)." *In re The Heritage Org., LLC*, 2012 WL 478178, at *1 (Bankr. N.D. Tex. 2012) (citing *Drive Fin. Servs., LP v. Jordan*, 521 F.3d 343 (5th Cir. 2008)). "Its purpose is to provide for direct review by the court of appeals of a bankruptcy court order in a case where the bankruptcy court or district court certifies that [1] there is no controlling Supreme Court or circuit court decision, [2] the case involves a matter of public importance, [3] there are conflicting precedents, or [4] an immediate appeal would materially advance the bankruptcy case." *Id.* (citing 28 U.S.C. § 158(d)(2)(A)).

Under § 158(d)(2), the court of appeals may exercise jurisdiction over an appeal from the bankruptcy court's order if either the bankruptcy court or district court, depending on where the matter is docketed at the time of the appeal,[5] "acting on its own motion or on the request of a party" or "all the appellants and appellees . . . acting jointly," certify that one of these four circumstances exist. 28 U.S.C. § 158(d)(2)(A). Bankruptcy Rule 8001(f)(2) clarifies that there are two procedural mechanisms through which the appellant may obtain certification for direct appeal pursuant to §158(d)(2): either by requesting certification from the presiding court, or by filing a joint certification form with the clerk of the court containing the signatures of all

---

[4] The "Bonus Adversaries" include the following related adversary proceedings: 11-01098, 11-01099, 11-01100, 11-01101 (the "Burr Bonus Adversary"), 11-01102, 11-01103, 11-01104, 11-01105, 11-01107, 11-01108, 11-01109, 11-01110, 11-01112, 11-01114, 11-01115, 11-01116, 11-01118, 11-01119, 11-01120, 11-01122, 11-01123, 11-01124, 11-01125, 11-01126, 11-01127, 11-01128, 11-01129, 11-01176, 11-01177, 11-01178.

[5] "Before Docketing or Grant of Leave to Appeal. Only a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court." FED. R. BANKR. P. 8001(f)(2)(A)(i).

appellants and appellees. In order to request certification from the court, the appellant must file a request for certification containing, *inter alia*, "the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. §158(d)(2)(A)(i)–(iii) exists."[6] FED. R. BANKR. P. 8001(f)(2)(A), (3)(C). In lieu of obtaining a certification from the court, a "certification by all the appellants and appellees, if any, acting jointly may be made by filing the appropriate Official Form with the clerk of the court in which the matter is pending." FED. R. BANKR. P. 8001(f)(2)(B). "The certification may be accompanied by a short statement of the basis for the certification, which may include the information listed in subdivision (f)(3)(C) of this rule." (*Id.*)

In applying 28 U.S.C. §158(d)(2) and Bankruptcy Rule 8001(f)(2) to this case, the Trust has two procedural mechanisms through which it may seek certification of the Court's Amended Order entered in the Fields Adversary. The Trust may file a motion with this Court requesting certification under Rule 8001(f)(2)(A); or, alternatively, it may file the Official Form (Form 24) jointly with the designated appellees, Mr. and Mrs. Fields, under Rule 8001(f)(2)(B). The Trust filed an Amended Motion with this Court requesting certification on all three issues presented (docket no. 52).

### A. Request for Certification of the Standing Issues to the Fifth Circuit

With respect to the § 544(b) Standing Issues (Issues 2 and 3), the Amended Motion states that "the parties have reached a consensus, and the certification of those issues for direct appeal is proper pursuant to Bankruptcy Rule 8001(f)(2)(B)." (*Id.*) By "the parties," the Trust refers to the Defendants and only designated appellees in this case, Mr. and Mrs. Fields. According to the

---

[6] Bankruptcy Rule 8001(f)(3)(C) states: "A request for certification shall include the following: (i) the facts necessary to understand the question presented; (ii) the question itself; (iii) the relief sought; (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. §158(d)(2)(A)(i)–(iii) exists; and (v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum."

6

Bankruptcy Rules, if the Trust seeks certification of Issues 2 and 3 on the basis of a consensus among all of the parties, it must do so by jointly filing the appropriate Official Form pursuant to the procedure set forth under Rule 8001(f)(2)(B). Accordingly, the Court finds that the Trust's request for the Court to certify Issues 2 and 3 for direct appeal based on the consensus of the parties does not comply with the procedure set forth in Rule 8001(f)(2)(B) and should, therefore, be DENIED without prejudice to jointly filing the Official Form 24 with the Clerk of the Court.

### B. Request for Certification of the *Stern* Issue to the Fifth Circuit

With respect to the *Stern* Issue (Issue 1), the Trust "acknowledges the objection to certification by the Defendants and is sensitive to this Court's statements regarding its inclination to deny certification on this issue at the February 17th Status Conference." (Docket no. 53, at 3). Nevertheless, the Trust renews its request for the Court to grant certification on this issue. As such, the Court will consider the Trust's request, pursuant to Bankruptcy Rule 8001(f)(2)(A).

According to its Amended Motion, "the Trust believes that the Bankruptcy Court's conversion of the section 544 cause of action to a state law fraudulent transfer action – the basis of its ruling to dismiss Counts 1, 2, 5 and 6 – places this case squarely within the category of state law proceedings that Justice Roberts concluded was solely within the purview of Article III Courts." (Docket no. 52, at 3-4.) Based on its belief that *Stern* is implicated in the Court's ruling, the Trust argues that the *Stern* Issue should be certified because (1) there is no controlling Supreme Court or circuit court decision and (2) the case involves a matter of public importance (*id.* at 3-5). *See* 28 U.S.C. § 158(d)(2)(A)(i). The Trust asserts that "neither *Stern v. Marshall* itself, nor any Fifth Circuit panel, has yet determined whether this Court or any other bankruptcy court, after *Stern*, is constitutionally empowered to dismiss, with prejudice, claims brought pursuant to Section 544 of the Bankruptcy Code" and that "guidance on all of the issues raised

by the *Stern v. Marshall* opinion in the context of a 544 action would be extremely valuable to the courts, parties and practitioners of the Fifth Circuit." (*Id.* at 4-5.) Defendants, in their Response, object to certification of the *Stern* Issue "because (a) it was not raised by the Plaintiff in connection with the motion to dismiss or the entry of the Order; (b) it is directly contrary to the Plaintiff's actions to date; and (c) the *Stern* Issue does not apply, as a matter of law, to this Court's interlocutory ruling on a motion to dismiss." (Docket no. 41, at 2-3.)

First, the Court disagrees with the Trust that this case is "squarely within the category of state law proceedings" implicated by the Supreme Court's ruling in *Stern v. Marshall*. "*Stern* considered a very different issue, specifically, whether a bankruptcy court could issue a final order regarding a state-law counter-claim based on allegations of tortious interference with an inheritance." ***Mahanna v. Bynum***, 2011 WL 5974366, at *4 (W.D. Tex. 2011) (citing ***Stern v. Marshall***, 131 S. Ct. 2594, 2604 (2011)). The *Stern* Court "held § 157(b)(2)(C) was unconstitutional to the extent it swept counterclaims not arising in or under Title 11 into the category of 'core' proceedings." *Id*. (citing ***Stern***, 131 S. Ct. at 2620 ("We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984.")). By contrast, this Court dismissed certain counts of the Trust's Amended Complaint that were asserted pursuant to Title 11, specifically under 11 U.S.C. § 544(b)(1), for lack of standing. The Court's ruling was based on its review of the preservation language in the Debtor's Plan of Reorganization and related bankruptcy filings. The Court fails to see how this case falls within the scope of *Stern*. Moreover, the Trust requests an interlocutory appeal of the Amended Order, in effect representing that the Order was not a "final order" that would be implicated by *Stern*.

Second, even if *Stern* were somehow implicated, the Court's ruling on standing did not involve a determination of the Court's authority under *Stern*, nor did the Trust suggest that the

8

Court lacked such authority at any time throughout the history of this adversary proceeding prior to filing its Motion to Certify. The issue presented of whether the Court had the authority under *Stern* is, therefore, not appropriate for certification of direct appeal. *See* **Faulkner v. Kornman**, 2012 WL 293230, at *4 (Bankr. S.D. Tex. 2012) (finding that questions of whether the court had subject matter jurisdiction to enforce a final judgment were "not appropriate for certification because the Contempt Order did not involve a determination of subject matter jurisdiction"). The Trust may not raise an issue on appeal that was never decided by this Court or previously raised by any of the parties.

In particular, given that the Court's ruling did not involve *Stern*, the Trust's argument that there is "no controlling law" applying *Stern* to the facts presented before the Court is misplaced. Moreover, even if the *Stern* question were an appropriate issue presented on appeal, the Trust's conclusory statement that "guidance on all of the issues raised by the *Stern v. Marshall* opinion in the context of a 544 action would be extremely valuable to the courts, parties and practitioners of the Fifth Circuit" is insufficient to demonstrate that certification of direct appeal is appropriate under the "public importance" factor. *See* **Faulkner**, 2012 WL 293230, at *4 (rejecting appellant's argument under § 158(d)(2)(A)(i) that "the appeal presents a question of importance to the public because it involves a consideration of issues that are fundamental to defining the scope of a bankruptcy court's jurisdiction," finding the "conclusory statement" insufficient to meet "the burden of demonstrating how his appeal involves a matter of such public importance that it should be certified").

Accordingly, for the reasons stated above, the Court finds that the Trust's request for the Court to certify Issue 1 for direct appeal should be DENIED.

9

## II.     Alternative Request for Leave to File Interlocutory Appeal to the District Court

The Trust requests that "to the extent that the Court declines to certify any or all of the issues to the Fifth Circuit . . . the Court grant leave to file an interlocutory appeal, under Bankruptcy Rule 8003, to the District Court." (Docket no. 52, at 5.) Given that the Court expects the parties to file the appropriate Official Form to jointly certify Issues 2 and 3 to the Fifth Circuit, the Court need only address the Trust's request for leave to file interlocutory appeal with respect to the *Stern* Issue (Issue 1).

As stated above, the Court fails to see how its ruling on standing under 11 U.S.C. § 544(b) falls within the scope of *Stern*. Moreover, given that the content of the Court's ruling on standing did not involve a determination of the Court's authority *Stern*, the issue presented of whether the Court had such authority is, therefore, not an appropriate issue for appeal, interlocutory or otherwise.

Furthermore, even if the *Stern* Issue were appropriate for appeal, the Trust has not met the procedural requirements for filing a motion for leave to appeal under Rule 8003, which states:

> A motion for leave to appeal under 28 U.S.C. §158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

FED. R. BANK. P. 8003(a).[7] The Trust's request for leave to file an interlocutory appeal is contained within one sentence of its Amended Motion to Certify (docket no. 52, at 5). The request simply cites to Bankruptcy Rule 8003. It does not contain any of the four items required

---

[7] *See also* Bankruptcy Rule 8001(b) ("An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. §158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.").

under Rule 8003(a), nor can these items, other than a statement of questions presented and an attached copy of the order complained of, be found elsewhere in the Amended Motion to Certify. Even if the Court were to incorporate the items included in the Trust's original Motion to Certify (docket no. 36), which did not include a request for interlocutory appeal, the Trust at no point provides a statement of the reasons why the Court should grant an interlocutory appeal to the district court, as required under the Rule. Without more, the Court declines to grant the Trust's request.

The Court also notes that the Trust has already filed a Notice of Appeal (docket nos. 37, 53, 57). The appeal will, therefore, be transmitted automatically to the district court once the Trust's Motion to Certify is denied. Furthermore, as stated in Rule 8003(c), "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed." Thus, even if the Trust had filed a proper motion for leave to file an interlocutory appeal, the Court sees no need to grant such a motion at this time.

Accordingly, the Court finds that the Trust's request for leave to file an interlocutory appeal to the district court should be DENIED.

### III.    Request for Stay of Fields Adversary and "Bonus Adversaries"

As indicated in the Certificate of Conference attached to the Trust's Amended Motion to Certify, the parties have agreed to "the abatement of the adversary proceeding pending appeal." (Docket no. 52 at 7). In the Amended Motion, the Trust requests that the Court "stay" the Fields Adversary as well as the Bonus Adversaries "pending the resolution of the proposed interlocutory appeal," stating that "Section 158(d)(2)(D) empowers this Court to stay its proceedings pending such an appeal." (*Id.*)

11

Section 158(d)(2)(D) clarifies that the bankruptcy or district court's certification of an order for direct appeal to the court of appeals does not automatically stay the proceeding in the court from which the appeal is taken.[8] It does not govern a stay pending interlocutory appeal to the district court. Given that the Court finds that the Trust's Motion to Certify the *Stern* Issue to the Fifth Circuit should be denied, leaving only the option to appeal to the district court, § 158(d)(2)(D) is inapplicable. In any event, according to the Certificate of Conference, the parties agreed to an "abatement" of the proceedings, not a "stay." The Court sees no reason why a consensual abatement of the Fields and Bonus Adversaries should not be granted pending appeal.

Accordingly, the Court finds that the Trust's request for a stay of the Fields and Bonus Adversaries pending interlocutory appeal under § 158(d)(2)(D) should be DENIED. To the extent, however, that the parties request an abatement of these adversaries pending appeal, pursuant to their agreement in the Certificate of Conference, the Court finds that such a request should be GRANTED.

## CONCLUSION

IT IS, THEREFORE, ORDERED that the Trust's Amended Motion to certify the *Stern* Issue (Issue 1), for direct appeal to the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2)(A) is DENIED as the *Stern* Issue is inappropriate for certification; and it is further

ORDERED that the Trust's Amended Motion to certify the Standing Issues (Issues 2 and 3) for direct appeal to the Fifth Circuit pursuant to § 158(d)(2)(A) by consent of the parties is DENIED without prejudice to jointly filing the appropriate Official Form 24 with the Clerk of

---

[8] *See* 28 U.S.C. § 158(d)(2)(D) ("An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.")

the Court pursuant to Bankruptcy Rule 8001(f)(2)(B); and it is further

ORDERED that the Trust's request for leave to file an interlocutory appeal to the district court is DENIED; and it is further

ORDERED that the Trust's request for a stay of the Fields and Bonus Adversaries pending interlocutory appeal under § 158(d)(2)(D) is DENIED; and it is further

ORDERED that to the extent the parties agreed to an abatement of the Fields and Bonus Adversaries pending appeal, an abatement is, hereby, GRANTED.

# # #